IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOSEPH OSBORNE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | 11-cv-2335 JWL/KGG |
| ) | |
| **C & D COMPLETE** ) | |
| **BUSINESS SOLUTIONS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

NOW COMES the Plaintiff, JOSEPH OSBORNE, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, C & D COMPLETE BUSINESS SOLUTIONS, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. JOSEPH OSBORNE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in Mound City, County of Linn, State of Kansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Dr. Bill Justice (hereinafter "Doctor").

6. The debt that Plaintiff allegedly owed Doctor was for medical services allegedly incurred by Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. C & D COMPLETE BUSINESS SOLUTIONS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Kansas. Defendant is incorporated in the State of Kansas.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

14. In or around January 2011, Defendant sent a correspondence addressed to Plaintiff.

15. Defendant sent the aforesaid correspondence to Plaintiff's residential address.

16. At the time Defendant sent the aforesaid correspondence Plaintiff was residing with his parents at his parent's residence.

17. The aforesaid correspondence sent by Defendant to Plaintiff was not enclosed in an envelope.

18. The aforesaid correspondence sent by Defendant to Plaintiff was a post card.

19. Plaintiff's parents read the aforesaid correspondence sent by Defendant to Plaintiff.

20. The aforesaid correspondence stated Defendant's name.

21. The aforesaid correspondence stated that Plaintiff owed an outstanding balance.

22. The aforesaid correspondence stated the amount of the balance that Plaintiff owed.

23. Prior to the time that Plaintiff's parents read the aforesaid correspondence, Plaintiff did not consent to Defendant communicating with third-parties.

24. At the time Defendant sent the aforesaid correspondence, Defendant knew or reasonably could anticipate that person(s) other than Plaintiff may have read the aforesaid correspondence.

25. In or around January 2011, Plaintiff engaged in multiple telephone calls with Defendant wherein Plaintiff and Defendant discussed reaching a settlement with respect to the debt Plaintiff allegedly owed.

26. During the aforesaid time period, Plaintiff was not in possession of sufficient funds to accept Defendant's settlement offer(s).

27. During the aforesaid time period, Plaintiff advised Defendant that he would attempt to obtain sufficient funds so that he could reach a settlement with Defendant with respect to the debt he allegedly owed.

28. On or about March 24, 2011, Plaintiff went to Defendant's office.

29. On or about March 24, 2011, Plaintiff's father accompanied Plaintiff to Defendant's office.

30. On or about March 24, 2011, Plaintiff went to Defendant's office to attempt to settle the debt he allegedly owed.

31. Upon information and belief, the office to which Plaintiff went was Defendant's principal place of business.

32. On or about March 24, 2011, while at Defendant's office, Plaintiff engaged in a conversation with Defendant.

33. Plaintiff's father was present for the aforementioned conversation.

34. During the course of the aforementioned conversation, Plaintiff informed Defendant that he was interested in settling the debt he allegedly owed.

35. Plaintiff informed Defendant that Defendant had previously offered a settlement to Plaintiff with respect to the debt he allegedly owed and that Plaintiff was interested in settling the debt.

36. Defendant told Plaintiff that it had never offered Plaintiff a settlement.

37. Defendant's representation that it had never offered a settlement to Plaintiff was false, deceptive and/or misleading given that prior to March 24, 2011, Defendant had offered a settlement to Plaintiff with respect to the debt on which it was attempting to collect.

38. During the course of the aforementioned conversation, Plaintiff offered Defendant $300 to settle the debt he owed in full.

39. Plaintiff then provided Defendant with a $300 check so that the debt he allegedly owed could be settled in full.

40. Defendant informed Plaintiff that it would not accept Plaintiff's settlement offer.

41. Defendant informed Plaintiff that it would not deposit Plaintiff's check unless he paid for the full balance of the debt that he owed.

42. Plaintiff informed Defendant that if it was unwilling to accept his check then he would not leave the payment with Defendant.

43. Plaintiff then told Defendant that he did not own any assets.

44. Defendant then informed Plaintiff that if he did not pay the full amount of the debt he owed then Defendant would "take [Plaintiff] to court."

45. Defendant then informed Plaintiff that it would "get a judgment against Plaintiff."

46. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that if Defendant filed a lawsuit against Plaintiff then Defendant would summarily obtain a judgment against Plaintiff.

47. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that if Defendant filed a lawsuit against Plaintiff then Plaintiff would not be able to defend himself in a lawsuit brought against him by Defendant.

48. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff failed to pay the debt he allegedly owed then Defendant would obtain a judgment against Plaintiff relative to the debt he allegedly owed.

5

49. Defendant then told Plaintiff that it would "take [Plaintiff] back to court" and that Plaintiff "would go to jail."

50. Defendant's representation that Plaintiff would go to jail had the effect of conveying to an unsophisticated consumer that Plaintiff had engaged in criminal conduct with respect to the debt on which it was attempting to collect.

51. Plaintiff had not engaged in criminal conduct with respect to the debt on which it was attempting to collect.

52. Defendant's representation that Plaintiff had engaged in criminal conduct was false, deceptive and/or misleading given that Plaintiff had not engaged in the aforesaid conduct relative to the debt on which it was attempting to collect.

53. Defendant's representation that Plaintiff would go to jail relative to the debt on which it was attempting to collect misrepresented the character, status and/or legal nature of the debt on which it was attempting to collect.

54. Defendant's representation that Plaintiff would go to jail was false, deceptive and misleading given that Defendant had neither the power nor the authority to ensure that Plaintiff would be sent to jail with respect to the debt he allegedly owed.

55. Defendant's representation that Plaintiff could go to jail was a statement made by Defendant to Plaintiff in an attempt to disgrace Plaintiff.

56. In or around March 2011, subsequent to Plaintiff having traveled to Defendant's office, Defendant initiated a telephone call to Plaintiff and left Plaintiff a voicemail message.

57. During the course of the aforesaid voicemail message Defendant's duly authorized representative stated he was calling from "C&D Collections."

58. Defendant's true name is "C&D Complete Business Solutions, Inc."

59. During the course of the aforesaid voicemail message Defendant stated it was calling regarding a balance Plaintiff owed.

60. Defendant then stated "we need to get your balance taken care of today or additional fees will occur."

61. Defendant then said "we will proceed to court with the case and sue for the amount due plus late fees."

62. Defendant further said Plaintiff would be sued for "the fees to have [Plaintiff] served with a Summons to the court by the Sheriff's Department at [Plaintiff's] home as well as [Plaintiff's] place of employment."

63. Defendant then stated "please contact me by 6:30 [p.m.] today regarding this matter."

64. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff did contact Defendant by 6:30 p.m. on the day that he received the aforesaid voicemail message then Defendant would file a lawsuit against Plaintiff.

65. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that if Defendant filed a lawsuit against Plaintiff then the Sheriff's Department would serve Plaintiff with legal documents at his home.

66. Upon information and belief, if Defendant filed a lawsuit against Plaintiff it would not effectuate service of process upon Plaintiff pursuant to Kansas Statute 60-303(d).

67. Defendant's representation that if it filed a lawsuit against Plaintiff then the Sheriff's Department would serve Plaintiff with legal documents at his home was false, deceptive and/or misleading given that serve of process upon Plaintiff in such a manner could

only be effectuated if Defendant submitted a written request to the Clerk seeking permission to personally serve Plaintiff at his residence and if the Clerk granted Defendant's request.

68. Defendant's representations, as delineated above, further had the effect of conveying to an unsophisticated consumer that if Defendant filed a lawsuit against Plaintiff then the Sheriff's Department would serve Plaintiff with legal documents at his place of employment.

69. Defendant's representation that if it filed a lawsuit against Plaintiff then the Sheriff's Department would serve Plaintiff with legal documents at his place of employment was false, deceptive and/or misleading given that that service of process upon Plaintiff at his employment could only be effectuated via certified mail, restricted delivery, if Defendant was first unable to serve Plaintiff at his residence or usual place of abode and if Defendant filed a return of service stating its inability to serve Plaintiff at his residence or usual place of abode.

70. Upon information and belief, if Defendant filed a lawsuit against Plaintiff it would not effectuate service of process as aforesaid pursuant to Kansas Statute 60-304(a).

71. Defendant has not filed a lawsuit against Plaintiff for the debt he allegedly owes.

72. Upon information and belief, at the time of making the aforementioned threats, Defendant had no intention of filing a lawsuit against Plaintiff for the debt he allegedly owes.

73. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

74. Upon information and belief, at the time of making the aforementioned threats, Defendant had no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

75. In its attempts to collect the debt allegedly owed by Plaintiff to Doctor, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify

      himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

b. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

c. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

d. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

e. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

f. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

g. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

h. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

i. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

j. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

k. Used any business, company, or organization name other than the true name of the debt collector's business, company, or organization in violation of 15 U.S.C. §1692e(14);

l. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    m. Communicated with a consumer regarding a debt by post card in violation of 15 U.S.C. §1692f(7); and,

    n. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

76. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

77. Plaintiff hereby demands a trial by jury on all issues so triable.

78. The Plaintiff, JOSEPH OSBORNE, by and through his attorneys, Larry P. Smith & Associates, Ltd., hereby respectfully requests that the trial of this matter proceed in Kansas City.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOSEPH OSBORNE, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

    Respectfully submitted,
    **JOSEPH OSBORNE**

By:    s/ D. Matthew Durgin
    Attorney for Plaintiff

Dated: June 16, 2011

D. Matthew Durgin (Atty. No.: 21557)
LARRY P. SMITH & ASSOCIATES, LTD.
8508 W. 90th Terrace
Overland Park, KS 66212
Telephone:   (913) 908-2313
             (312) 222-9028
Facsimile:   (888) 418-1277
E-Mail:      mdurgin@smithlaw.us